UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

YEAGER ASPHALT,

          Plaintiff,          Case No. 14-cv-11044

v          Honorable Thomas L. Ludington

BAGELA BAUMASCHINEN GMBH & CO. KG,
et al.,

          Defendants.
_____/

## ORDER GRANTING MOTION TO STRIKE, STRIKING OBJECTION TO GARNISHMENT AND CANCELLING HEARING

On March 10, 2014, Plaintiff Yeager Asphalt filed a complaint against Bagela Baumaschinen GmbH & Co. KG, Veneta Technologies, Bagela Stevanovic, and Dragan Stevanovic for breach of contract. Yeager Asphalt claims that, pursuant to an e-mail exchange, it purchased an asphalt machine and Defendants failed to deliver it. On February 26, 2015, Defendant Bagela Baumaschinen was served with the summons pursuant to Article 6 of the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters. Defendant Bagela Baumaschinen did not respond to Plaintiff's complaint or otherwise appear to defend the action.

On April 22, 2015, Plaintiff requested and received a clerk's entry of default as to Defendant Bagela Baumaschinen. On April 29, 2015, Plaintiff filed a motion for default judgment against Bagela Baumaschinen. The Court conducted an evidentiary hearing on June 30, 2015, during which Mark Yeager (the owner of Yeager Asphalt) testified that Defendants had agreed to deliver an asphalt machine in exchange for $69,180.00 dollars. When Defendants failed to deliver the machine, Mr. Yeager was forced to cover for the breach by repairing his old

asphalt machine at a cost of $50,000.00. Plaintiff's motion for default judgment was therefore granted, and Plaintiff was awarded $69,180.00 for actual damages; $50,000.00 for consequential damages; $400.00 for filing fees; $450.00 for international service of process fees; and $324.4312 in interest (calculated at a rate of .27% from the date of service to the date of judgment). In total, default judgment was entered against Defendant Bagela Baumaschinen in the amount of $120,354.40.

Plaintiffs subsequently requested the issuance of a non-periodic writ of garnishment as to Bagela Baumaschinen and garnishee Bagela USA, LLC. On December 14, 2016 the president of an entity called DKE Inc., Dan Kovalick, filed an objection to a request for writ of garnishment purportedly on behalf of the corporation. *See* ECF No. 31. The objection was scheduled for hearing. *See* ECF No. 32. In response, on January 3, 2017 Plaintiffs moved to strike the objection on three grounds: (1) Mr. Kovalick is not an attorney licensed to practice in the State of Michigan, and therefore may not represent a corporation; (2) Bagela USA, LLC – not DKE, Inc. – is the Garnishee Defendant in this matter; and (3) DKE Inc. does not have standing to object to the garnishment because it is not an attorney representing Defendant, is not a party to the lawsuit, and is not a party to the garnishment. *See* ECF No. 33.

Although 28 U.S.C. § 1654 permits a party to appear *pro se* on his or her own behalf, "that statute does not permit plaintiffs to appear pro se where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). Specifically, "a corporation cannot appear in federal court except through an attorney." *Doherty v. Am. Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). Because Mr. Kovalick may not appear on behalf of his corporation, Plaintiffs' motion to strike will be granted.

- 3 -

Accordingly, it is **ORDERED** that Plaintiffs' motion to strike, ECF No. 33, is **GRANTED.**

It is further **ORDERED** that the objections filed by Mr. Kovalick purportedly on behalf of DKE Inc., ECF No. 31, is **STRICKEN** and the related hearing scheduled on **February 7, 2017 at 4:00 p.m.** is **CANCELLED.**

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: January 5, 2017

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 5, 2017.

s/Michael A. Sian<br>MICHAEL A. SIAN, Case Manager