UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

YEAGER ASPHALT,

     Plaintiff,         Case No. 14-cv-11044

v                Honorable Thomas L. Ludington

BAGELA BAUMASCHINEN GMBH & CO. KG,
et al.,

     Defendants.

_____/

### ORDER GRANTING MOTION TO QUASH WRIT OF GARNISHMENT

Plaintiff Yeager Asphalt initiated the above-captioned action on March 10, 2014 by filing its complaint against Bagela Baumaschinen GmbH & Co. KG ("Bagela Germany"), Veneta Technologie ("Vaneta"), and individuals Bagela and Dragan Stevanovic for breach of contract. *See* ECF No. 1. Plaintiff claimed it contacted Bagela Germany regarding the purchase of an asphalt machine, and that Bagela directed Plaintiff to purchase the machine through its agent, Veneta. *See* Compl. ¶¶ 5-12. Plaintiff alleges that it wired Veneta $69,100 for the purchase of the machine, and that Vaneta in turn forwarded the money to Bagela Germany. *See* Compl. ¶¶ 13-15. Despite receipt of payment, Plaintiff alleged that Defendants never delivered the asphalt machine, and incurred consequential damages. *See* Compl. ¶¶ 16-17.

After Plaintiff secured default judgment for $120,354.00 against Bagela Germany, Plaintiff requested issuance of a non-periodic writ of garnishment against Bagela Germany and Garnishee Bagela USA, LLC. Apparently Plaintiff then mailed the writ of garnishment to Shelton, Connecticut by certified mail, rather than registering the judgment in Connecticut and having process issued in Connecticut. Bagela USA now moves to quash the writ of garnishment

for lack of personal jurisdiction. *See* ECF No. 38.  For the reasons stated below, Bagela USA's motion will be granted.

## I.

After filing its complaint, on February 26, 2015 Plaintiff served Defendant Bagela Germany with summons pursuant to Article 6 of the Hague Convention.  Defendant Bagela Germany did not respond to Plaintiff's complaint or otherwise appear to defend the action. Therefore, on April 22, 2015, Plaintiff requested and received a clerk's entry of default as to Defendant Bagela Germany. *See* ECF No. 21.  On April 29, 2015, Plaintiff filed a motion for default judgment against Bagela Germany. *See* ECF No. 23. The Court conducted an evidentiary hearing on June 30, 2015, during which Mark Yeager (the owner of Yeager Asphalt) testified that Defendants had agreed to deliver an asphalt machine in exchange for $69,180.00 dollars. When Defendants failed to deliver the machine, Mr. Yeager was forced to cover for the breach by repairing his old asphalt machine at a cost of $50,000.00.

Following the hearing, Plaintiff's motion for default judgment was granted.  Plaintiff was awarded $69,180.00 for actual damages; $50,000.00 for consequential damages; $400.00 for filing fees; $450.00 for international service of process fees; and $324.4312 in interest (calculated at a rate of .27% from the date of service to the date of judgment).  In total, a default judgment was entered against Defendant Bagela Germany in the amount of $120,354.40. The remaining Defendants were dismissed without prejudice because they were not timely served with the summons under Federal Rule of Civil Procedure 4(m). *See* ECF No. 25.

Plaintiff subsequently requested and received the issuance of a non-periodic writ of garnishment as to Bagela Germany and Garnishee Bagela USA, LLC.  On December 14, 2016 the president of an entity called Dankov Enterprises Inc. ("DKE Inc."), Dan Kovalick, filed an

objection to a request for writ of garnishment purportedly on behalf of the corporation. *See* ECF No. 31. DKE Inc. is an Ontario company that identifies itself as the North American distributor and importor of asphalt recycling equipment, accessories, and parts for Defendant Bagela Germany. Because corporations may only be represented in federal court by a licensed attorney, Mr. Kovalick's objections were stricken on January 5, 2017. *See* ECF No. 34.

## II.

On February 16, 2017, Garnishee Bagela USA filed the current motion to quash the writ of garnishment for lack of personal jurisdiction. *See* ECF No. 38. Bagela USA is a limited liability company formed under Connecticut law and with a principle place of business in Connecticut. In its motion to quash, Bagela USA alleges that it is a sub-distributor for DKE, Inc., and has no direct legal affiliation with Bagela Germany. It alleges that it does not maintain a registered agent for service in Michigan, is not registered to do business in Michigan, and does not have offices, employees, accounts, property, or assets in Michigan. It also alleges that it has not derived a significant part of its revenue from goods sold or services used in Michigan, and has not engaged in any advertising or marketing activities directed to anyone in Michigan. Finally, Bagela USA argues that it has not entered into any contracts or transaction in Michigan that are related to the above-captioned matter, as it was not involved in the underlying sale of the asphalt machine to Plaintiff by Veneta Technologies.

In response, Plaintiff argues that Bagela USA does business as Pavement Recyclers LLC. Plaintiff further notes that Pavement Recycler's website identifies it as "the exclusive distributor of Bagela® Asphalt Recyclers parts and accessories in the United States and Caribbean." *See* ECF No. 42 Ex. B. Finally, Plaintiff argues that Bagela USA has engaged in repeated business in the state of Michigan.

**A.**

The parties agree that Michigan law supplies the rule of decision concerning garnishment in this diversity action pursuant to Federal Rule of Civil Procedure 64. *See* Fed. R. Civ. P. 64(a) ("[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies."); Fed. R. Civ. P. 64(b) (specifying that the rule applies to garnishment). However, Plaintiff first argues that it need not establish personal jurisdiction under Michigan law. This argument is without merit.

By statute, garnishment may be effected where "[p]ersonal property belonging to the person against whom the claim is asserted but which is in the possession or control of a third person *if* the third person is subject to the judicial jurisdiction of the state and the personal property to be applied is within the boundaries of this state." Mich. Comp. Laws § 600.4011(1)(a) (emphasis added). Similarly, an obligation owed to a defendant may be garnished from the obligor "*if* the obligor is subject to the judicial jurisdiction of the state." Mich. Comp. Laws § 600.4011(1)(b) (emphasis added).  The plain language of these provisions requires a party seeking to garnish the property of another to establish personal jurisdiction.  Michigan law and basic principles of due process require that personal jurisdiction be established prior to garnishment.

**B.**

The court may exercise personal jurisdiction over an out-of-state party only after confirming that the state long-arm statute authorizes jurisdiction over the nonresident, and that the exercise of personal jurisdiction would not deny the nonresident the constitutional right to

due process of law. *Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "[W]here the state long-arm statute extends to the limits of the due process clause, the two inquiries are merged and the court need only determine whether exercising personal jurisdiction violates constitutional due process." *Bridgeport Music, Inc. v. Still N. the Water Publ'g*, 327 F.3d 472, 477 (6th Cir. 2003). The Sixth Circuit has historically "understood Michigan to intend its long-arm statute to extend to the boundaries of the fourteenth amendment." *See Theunissen v. Matthews*, 935 F.2d 1454, 1461 (6th Cir. 1991)

Personal jurisdiction "can either be specific or general." *Air Prods and controls, Inc., v. Safetech Intern., Inc.*, 503 F.3d 544, 549-50 (6th Cir. 2007) (citation omitted). Specific (or limited) jurisdiction exists "in cases in which the subject matter of the lawsuit arises out of or is related to the defendant's contacts with the forum." *Nationwide Mut. Ins. Co. v. Tryg. Intern. Ins. Co., Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996). It may only be applied when the plaintiff's cause of action arises out of the defendant's transactions of business with the forum state. *Id.* at 414 n.8. If specific jurisdiction is present, there is no need to reach the question of general jurisdiction. *Air Prods.*, 503 F.3d at 550. General jurisdiction exists "in cases in which a defendant's 'continuous and systematic' conduct within the forum state renders that defendant amenable to suit in any lawsuit brought against it in the forum state." *Nationwide Mut*, 91 F.3d at 793 (citations omitted). The principles of general jurisdiction are usually applied when the plaintiff's cause of action is unrelated to the defendant's in-state activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984).

**i.**

Bagela USA's argument that the Court lacks limited personal jurisdiction over it will be addressed first. Michigan Compiled Law § 600.715 serves as Michigan's long arm statute for

corporations.  Under the statute, the requirements of limited personal jurisdiction are satisfied where a corporation or its agent acts to create any of the following relationships:

> (1) The transaction of any business within the state.
>
> (2) The doing or causing any act to be done, or consequences to occur, in the state resulting in an action for tort.
>
> (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
>
> (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
>
> (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

*Id*. In addition to determining whether the statute has been satisfied, courts must apply a three-part test to determine whether a party's minimum contacts with a state are constitutionally sufficient for the exercise of specific jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of conducting activities within the forum state; second, the cause of action must arise from the defendant's activities there; and third, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make its exercise of jurisdiction over the defendant fundamentally fair.

*Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir. 1998) (internal citations omitted).  A cause of action arises from purposeful availment if the cause of action would not exist but for the contacts cited. *See Theunissen*, 935 F.2d at 1461; *Payne v. Motorists' Mutual Ins. Cos.*, 4 F.3d 452, 456 (6th Cir. 1993).  Although this does not require that a plaintiff's claims arise "formally and directly" from the defendant's contacts with Michigan, the claims must still "have a substantial connection with the defendant's in-state activities." *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1275 (6th Cir. 1998).  "[W]hen the operative facts of the controversy are not related to the defendant's contact with the state," the cause of action does not arise from that contact. *Id.*

- 6 -

In support of its argument that Bagela USA should be subject to specific jurisdiction in the state of Michigan, Plaintiff points to a series of invoices for parts it allegedly purchased from Bagela. *See* ECF No. 42 Ex. C. Problematically, none of the attached invoices were issued by Bagela USA, or even mention Bagela USA. Instead, each of the invoices lists DKE Inc. as the vendor. Plaintiff has not argued that DKE Inc. is a mere alter-ego of Bagela USA such that the doctrine of alter-ego personal jurisdiction should apply. *See Daimler AG v. Bauman*, 134 S.Ct. 746 (2014). Plaintiff therefore has not met its burden of establishing personal jurisdiction over Bagela USA through the attached DKE Inc. invoices.

Even if Bagela USA was involved in prior transactions with Plaintiff, Plaintiff still has not demonstrated that its injuries are substantially connected to any of those prior transactions. *See Dean*, 134 F.3d at 1275. That is, Plaintiff does not allege that Bagela USA played any role in the events that gave rise to Plaintiff's lawsuit against Defendants for breach of contract. Plaintiff therefore has not shown that Bagela USA's alleged contacts with Michigan were related to the relevant controversy.

Plaintiff asserts, in the alternative, that it is aware of other asphalt corporations located in the state of Michigan that use Bagela USA's parts and machinery. This argument is irrelevant to the issue of specific jurisdiction, which, again, requires a parties' contact with the forum to have some relationship to the plaintiff's specific injury. *See Dean*, 134 F.3d at 1275. Plaintiff does not even attempt to argue that Bagela USA's sales to other Michigan companies have any relationship to Defendants' failure to deliver Plaintiff an asphalt machine, and thus to Plaintiff's injuries in this case. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011) (holding that the flow of a company's product into the forum may bolster the case for

specific jurisdiction where that product is the source of the injury) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980)).

### ii.

Because Plaintiff has not established that this Court has specific personal jurisdiction over Bagela USA, the question becomes whether Bagela USA is subject to general personal jurisdiction. General jurisdiction exists if a defendant's contacts with a State "are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945)).  With some exceptions, corporations are generally only considered "at home" in their place of incorporation and where their principal place of business is located. *See Daimler*, 134 S.Ct. at 760.

While conceding that Bagela USA is incorporated and maintains its principle place of business in Connecticut, is not registered to conduct business in Michigan, and does not maintain a registered agent in Michigan, Plaintiff argues Bagela USA still should be considered at home in Michigan because it carries on continuous and systematic business in Michigan.[1] In support of this argument, Plaintiff again points to the invoices issued by DKE Inc.  Again, Plaintiff has not furnished any rationale for the proposition that Bagela USA should be subject to alter-ego personal jurisdiction for the acts of DKE Inc.  *See Daimler*, 134 S.Ct. at 746.  Nonetheless, the Supreme Court has held that "mere purchases, even if occurring at regular intervals, are not

---

[1] In its response Plaintiff challenges Bagela USA's failure to register to conduct business in the state of Michigan. Plaintiff's argument in this regard again relies on the DKE Inc. invoices, which do not even mention Bagela USA. Moreover, transacting business in interstate commerce, without more, does not constitute transacting business in the state of Michigan such that registration is required.  *See* Mich. Comp. Laws Ann. § 450.5008. Finally, even if Bagela USA was subject to the requirements of Michigan's registration statute, numerous courts have determined that parties do not consent to general jurisdiction by registering to do business in the state of Michigan, without more. *See Magna Powertrain De Mexico S.A. De C.V. v. Momentive Performance Materials USA LLC*, 192 F. Supp. 3d 824, 830 (E.D. Mich. 2016) (collecting cases). Bagela USA's registration status in the State of Michigan is therefore largely irrelevant to the question of personal jurisdiction.

enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." *Helicopteros,* 466 U.S. at 418. *See also Goodyear*, 564 U.S. at 929 (holding that a petitioner's sporadic sale of tires to purchasers in North Carolina through intermediaries was insufficient to subject the petitioner to general jurisdiction in the state).

Plaintiff's assertion that other asphalt corporations in the state of Michigan use Bagela USA's parts and machinery is similarly insufficient to establish general jurisdiction. Even if true, again, "mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." *Helicopteros,* 466 U.S. at 418. Moreover, the mere suggestion that Bagela USA parts wound up in Michigan is, without more, insufficient to establish that Bagela USA has sufficient minimum contacts with the forum. *See Goodyear*, 564 U.S. at 929 (rejecting the "stream-of-commerce" theory as a sufficient basis for exercising general personal jurisdiction over a party).

### III.

Plaintiff has not identified any other contact that Bagela USA has with the state of Michigan that would tie its activities to Plaintiff's injuries or render it essentially "at home" in the state. Plaintiff therefore has not met its burden of demonstrating personal jurisdiction over the garnishee. Mich. Comp. Laws §§ 600.4011(1)(a)&(b). Bagela USA's motion to quash will be granted. Plaintiff may pursue its garnishment action against Bagela USA in a forum in which Bagela USA is subject to personal jurisdiction.

Accordingly, it is **ORDERED** that Bagela USA's motion to quash, ECF No. 38, is **GRANTED.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 30, 2017

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 30, 2017.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager